■ In the Matter of 251 WEST 92ND CORP. et al., Respondents, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Appellant. [642 NYS2d 895] —Order and judgment (one paper), Supreme Court, New York County (Stephen G. Crane, J.), entered February 3, 1995, which granted the petition, annulled respondent Division of Housing and Community Renewal's (DHCR) determination of January 20, 1993 and denied the cross-motion to remand the matter to DHCR for further proceedings, unanimously modified, on the law, the cross-motion granted and, except as thus modified, affirmed, without costs or disbursements.

Underlying this dispute is the landlord's application for increases to the Maximum Base Rent (MBR) for the 1986/87 and 1988/89 cycles for its rent controlled apartments at 251 West 92nd Street. The District Rent Administrator granted the increases. In applying for these increases, the landlord certified that it had removed all of the rent impairing code violations and at least 80% of the non-rent impairing violations. Alleging that it had not, the tenants thereafter filed petitions for administrative review (PARs). The landlord then commenced a CPLR article 78 proceeding against DHCR seeking relief in the nature of mandamus and obtained an order directing the issuance of determinations of the tenants' PARs. When DHCR failed to issue these determinations within the time specified by the court, the landlord moved under the original article 78 proceeding for an order of contempt. Prior to the return date of that motion, however, DHCR denied the tenants' PARs. It should be noted that the tenants were not parties to either the original proceeding or the contempt motion. DHCR and the landlord then settled the contempt motion by a stipulation which incorporated by reference DHCR's orders determining the PARs. While the court "so ordered" the stipulation, in no way did it review the merits of those determinations. In fact, neither the orders nor the administrative record were before the court when it "so ordered" the stipulation.

The tenants thereafter commenced an article 78 proceeding seeking review of the denial of their PARs, which had raised the issue of the falsity of the landlord's certification as to its removal of violations. The court granted DHCR's cross-motion

to remit the matter to it for further consideration and a new determination. After a reconsideration of the tenants' PARs, DHCR found from other agency records (Housing Preservation and Development [HPD]) that the landlord had failed to remove all the rent impairing violations, and to correct 80% of the non-rent impairing violations and revoked the MBR increases. The landlord thereupon commenced a second article 78 proceeding, as a result of which DHCR discovered that it had inadvertently failed to notify the landlord of the tenants' PARs upon remittitur pursuant to court order. Accordingly, DHCR cross-moved for a remand to it for further proceedings and the issuance of new orders after notice to the landlord. The landlord opposed the cross-motion and argued that the earlier so-ordered stipulation transformed DHCR's original PAR orders into orders of the Supreme Court and, thus, that those determinations had been confirmed on the merits. The IAS Court denied the cross-motion, granted the petition, annulled DHCR's determination and reinstated the earlier DHCR orders denying the tenants' PARs. This was clear error.

In reinstating the MBR increases, the IAS Court relied solely on the stipulation resolving the earlier contempt motion. The landlord's original article 78 proceeding, in which the stipulation of settlement of the contempt motion was so-ordered, never sought a judicial determination as to the merits of any of DHCR's orders. While the stipulation incorporated by reference the administrative docket numbers of those orders and the result of the proceedings, the purpose of the reference was merely to note that DHCR had finally determined those PARs and was no longer in violation of the court's order. It is difficult to construe the stipulation as constituting a judicial confirmation of an article 78 challenge to DHCR's determination of the tenants' PARs, especially since the tenants were not even a party to the original proceeding. On the other hand, DHCR's determination revoking the MBR increases was based upon violation records and an inspection report by the HPD demonstrating that the landlord had not removed all rent impairing violations or 80% of the non-rent impairing violations. As the stipulation itself noted, DHCR's orders constitute a "legal determination" of the tenants' PARs, not a "judicial determination." Since the so-ordered stipulation did not constitute a judicial review of the merits of DHCR's orders and reliance on it to resolve any judicial challenge the tenants might have to those orders abrogates their right to article 78 review, the IAS Court's determination reinstating DHCR's earlier orders denying the tenants' PARs cannot stand. The matter should have been remitted to DHCR, as it requested, for fur-

ther proceedings and a new determination. Concur—Sullivan, J. P., Wallach, Ross and Williams, JJ.